TOWNSEND AND TOWNSEND AND CREW LLP
GREGORY S. GILCHRIST (Bar # 111536)
GIA L. CINCONE (Bar # 141668)
Two Embarcadero Center, 8th Floor
San Francisco, California  94111
Telephone:  (415) 576-0200
Facsimile:  (415) 576-0300
Email:  gsgilchrist@townsend.com, glcincone@townsend.

Attorneys for Plaintiff
LEVI STRAUSS & CO.

IT IS SO ORDERED

*Judge James Ware*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVI STRAUSS & CO., | Case No.    C 05-05245 JW |
| Plaintiff, | **[PROPOSED] FINAL JUDGMENT UPON CONSENT AND PERMANENT INJUNCTION** |
| v. | |
| MARAN, INC., | |
| Defendant. | |

        Plaintiff Levi Strauss & Co. ("LS&CO.") has filed a Complaint alleging trademark infringement, dilution, and unfair competition under federal and California law against Maran, Inc. (hereinafter "Maran").  LS&CO. alleges that Maran has manufactured or arranged for the manufacture of, promoted, and sold clothing, including denim jeans, that violates LS&CO.'s rights in its registered Arcuate Stitching Design Trademark (the "Arcuate Trademark").

        The parties have agreed to a settlement of this dispute and, as part of that settlement, the parties have agreed to entry of final judgment upon the following stipulated facts.  Each party has waived the right to appeal from this final judgment and each party will bear its own fees and costs in connection with this action.

I.      **STIPULATED FACTS AND CONCLUSIONS**

A.      This Court has subject matter jurisdiction over this lawsuit and personal jurisdiction over each of the parties.  Venue is proper in this Court.

B.      Maran has manufactured or arranged for the manufacture of, distributed, and sold jeans under the brand name BLUE SPICE that display the pocket design illustrated in Exhibit A-1.

C.      Maran has also manufactured or arranged for the manufacture of, distributed, and sold skirts under the brand name D'JEANS that display the pocket design illustrated in Exhibit A-2.

II.     **ORDER**

It is hereby ordered and adjudged as follows:

A.      Maran shall pay the sum of $5,000.00 to LS&CO. within ten days of entry of this Order.

B.      Commencing as of the "So Ordered" date of this Final Judgment Upon Consent and Permanent Injunction, Maran, its principals, agents, affiliates, employees, officers, directors, servants, privies, successors, and assigns, and all persons acting in concert or participating with it or under its control who receive actual notice of this Order, are hereby permanently enjoined and restrained, directly or indirectly, from doing, authorizing or procuring any persons to do any of the following:

1.      Manufacturing, licensing, selling, offering for sale, distributing, importing, exporting, advertising, promoting, or displaying any garments that display any stitching or other pocket design in the shape illustrated in Exhibit A-1 or A-2, or in any shape substantially similar to those illustrated in Exhibit A-1 and A-2;

2.      Violating the rights of LS&CO. in and to the Arcuate Trademark;

3.      Assisting, aiding or abetting any person or entity engaging in or performing any act prohibited by this paragraph.

C.      In the event that Maran violates the terms of this Final Judgment Upon Consent and Permanent Injunction by making, selling or offering for sale garments displaying either of the pocket designs illustrated in Exhibit A, it shall pay to LS&CO. liquidated damages of (a) 20% of the net sales revenue received by Maran at any time on account of such garments, or (b) $10,000, whichever is greater, and judgment shall be entered against Maran for that amount.  Maran specifically

[PROPOSED] CONSENT JUDGMENT
AND PERMANENT INJUNCTION

- 2 -

Levi Strauss & Co. vs. Maran, Inc.
Case No. C 05-05245 JW

acknowledges that this is a reasonable estimate of the damages to which LS&CO. would be entitled by virtue of Maran's sales of such garments and the costs LS&CO. has incurred in enforcing its rights. Such liquidated damages shall be in addition to any equitable relief to which LS&CO. may be entitled with respect to future sales by Maran that violate LS&CO.'s trademark rights, but any payments made by Maran pursuant to this paragraph shall be deemed a credit against any potential award of damages under this paragraph.  If LS&CO. commences an action for enforcement of this liquidated damages provision, the prevailing party shall be awarded reasonable attorneys' fees and costs from the other party.

C.      This is the final judgment and shall finally adjudicate any and all of LS&CO.'s claims against Maran, its agents, affiliates, related companies, employees, officers, servants, privies, successors, assigns, and customers, and all persons acting in concert or participating with them or under their control.  Other than the obligations set forth in this Final Judgment, the parties hereto release one another from any and all other claims which they made or of which they specifically were aware against each other, and their respective agents, affiliates, related companies, employees, officers, servants, privies, successors, assigns and customers, as of the "So Ordered" date of this Final Judgment.

D.      This Court shall retain jurisdiction for the purpose of making any further orders necessary or proper for the construction or modification of this judgment, the enforcement thereof, and/or the punishment for any violations thereof.  For the purpose of any future proceeding to enforce the terms of this Order, service by mail upon Richard Huang of Maran, Inc., or Thomas Onda of Levi Strauss & Co. shall be deemed adequate notice for each party.

///

///

///

///

///

///

///

1    The parties, through their undersigned counsel, hereby stipulate to the above facts and

2   conclusions and consent to the entry of this Final Judgment Upon Consent and Permanent Injunction.

3

4   IT IS SO STIPULATED.

5   Dated:  March 21, 2006          */s/ Gia L. Cincone*
                                    Gia L. Cincone
6                                   Townsend & Townsend & Crew

7                                   ATTORNEYS FOR PLAINTIFF
                                    LEVI STRAUSS & CO.
8

9   Dated:  March 21, 2006          */s/ Robert L. Mulligan*
                                    Robert L. Mulligan
10

11                                  ATTORNEY FOR DEFENDANT
                                    MARAN, INC.

12

13  PURSUANT TO STIPULATION, IT IS SO ORDERED AND ADJUDGED.

14

15  DATED: _March 23, 2006_____

16                                  Hon. James Ware
                                    United States District Judge
17

18

19  60701826 v1

20

21

22

23

24

25

26

27

28